UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

THANTH-HUYEN NGUYEN,

  Plaintiff,

v.

CASE NO.: 3:23-cv-387

EXPERIAN INFORMATION SOLUTIONS, INC., and BANK OF AMERICA CORPORATION

  Defendants.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, THANH-HUYEN NGUYEN (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and BANK OF AMERICA CORPORATION (hereinafter "BOA") (hereinafter collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, Inc.

3. Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here, Bank of America. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

7. Plaintiff is a natural person and resident of Pierce County, Washington. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

Case 3:23-cv-00387-KDB-DCK    Document 1    Filed 06/29/23    Page 2 of 17

2

8. Venue is proper in this District as BOA's principal address is in this District, BOA transacts business within this District, and violations described in this Complaint occurred in this District.

9. Experian is a corporation incorporated under the State of California, authorized to conduct business in the State of North Carolina through its registered agent, CT Corporation System, located at 160 Mine Lake Ct., Ste 200, Raleigh, NC 27615.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. BOA is a "furnisher of information" as that term is used in 15 USC § 1681s-2. BOA's principal place of business in the State of North Carolina, located at 100 North Tryon Street, Charlotte, North Carolina 28255.

13. BOA furnished Plaintiff's information to Equifax, Experian, and Trans Union.

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person who is alleged to owe a debt to Bank of America.

15. Plaintiff has been a victim of a mixed file for many years.

16. Since becoming aware of the erroneous account, Plaintiff began to actively communicate with BOA in attempts to remove the account from her credit file.

17. Additionally, Plaintiff has communicated with Experian to dispute various accounts listed on her credit report. Plaintiff was successful in having several erroneous accounts removed, however Experian continued to report a Bank of America mortgage loan on her credit file that did not belong to her. Such account being reported affected her debt-to-income ratio.

18. Due to Experian continuing to list erroneous information on Plaintiff's credit report, on March 27, 2023, Plaintiff mailed a detailed written dispute letter to Experian. In the dispute letter Plaintiff explained that the Bank of America partial mortgage account 019466**** was not hers and should not be listed on her credit file. In this dispute letter, Plaintiff also made Experian aware that they were reporting addresses at which Plaintiff has never lived. Plaintiff included a copy of her driver's license to confirm her identity and address. Additionally in the letter, Plaintiff provided images of the filed Puyallup Police Department police report, IRS Identity Theft Affidavit, a letter from the Social Security Administration.

19. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail 7022 3330 0001 1282 0473.

20. Upon information and belief, Experian notified BOA of Plaintiff's dispute. BOA failed to conduct a reasonable investigation and merely compared its

erroneous data. BOA did not attempt to communicate with Plaintiff during its alleged investigation.

21. On April 24, 2023, Experian responded to Plaintiff's dispute by verifying Bank of America partial mortgage account 019466****.

22. Experian simply parroted off Bank of America and has not conducted an actual investigation despite Plaintiff's many pleas.

23. On May 2, 2023, Plaintiff obtained a copy of her Experian credit report. Upon review they continue to report the erroneous Bank of America partial mortgage account 019466****. The continued reporting of the aforementioned account affected Plaintiff's debt-to-income ratio. Additionally, Plaintiff became aware of a Macys partial account number 48712540xxxx that did not belong to her.

24. On May 5, 2023, as a result of the inaccuracies, Plaintiff mailed another dispute letter to Experian. In the dispute letter Plaintiff reiterated that the Bank of America partial mortgage account 019466**** did not belong to her. In this dispute letter, Plaintiff also explained that the Macys partial account number 48712540xxxx also did not belong to her. Plaintiff included a copy of her driver's license to confirm her identity and address. Additionally in the letter, Plaintiff provided images of filed Puyallup Police Department police report, IRS Identity Theft Affidavit, a letter from the Social Security Administration.

25. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail 9589 0710 5270 0317 8096 14.

26. Upon information and belief, Experian again notified BOA of Plaintiff's dispute. BOA failed to conduct a reasonable investigation and merely compared its erroneous data. BOA did not attempt to communicate with Plaintiff during its alleged investigation.

27. On May 19, 2023, Plaintiff received dispute results stating that the Experian investigation as to the Bank of America partial mortgage account 019466**** was pending and ignored addressing the disputed Macys partial account number 48712540xxxx.

28. May 31, 2023, Experian responded to Plaintiff's dispute by deleting the Macys partial account number 48712540xxxx. However, Experian continued to state that the Bank of America partial mortgage account 019466**** was being reported as accurate.

29. Plaintiff was irritated that Experian did an investigation to only remove one of the two disputed accounts.

30. As Experian continued to report the erroneous Bank of America account, Plaintiff mailed another detailed written dispute letter to Experian on June 7, 2023. In the dispute letter Plaintiff explained that the Bank of America partial mortgage account 019466**** was not hers and should not be listed on her credit file. In this dispute letter, Plaintiff also made Experian aware that they were reporting addresses at which Plaintiff has never lived along with multiple names that do not belong to her. Plaintiff included a copy of her driver's license to confirm her identity and address. Additionally in the letter, Plaintiff provided images of

the filed Puyallup Police Department police report, IRS Identity Theft Affidavit, a letter from the Social Security Administration. Plaintiff further included images of her Equifax and Trans Union credit report illustrating that she should not have an open mortgage listed on her credit file with Experian.

31. Plaintiff mailed her detailed dispute letter to Experian via USPS Certified Mail 9589 0710 5270 0568 173 49.

32. Upon information and belief, Experian notified BOA of Plaintiff's dispute. BOA failed to conduct a reasonable investigation and merely compared its erroneous data. BOA did not attempt to communicate with Plaintiff during its alleged investigation.

33. As of the filing of this Complaint, Plaintiff has yet to receive results from her latest dispute letter.

34. Experian failed to conduct any independent investigation, nor did they attempt to contact Plaintiff. The erroneous account continues to report on Plaintiff's Experian credit report.

35. To Plaintiff's knowledge, as of the date of this Complaint, Experian still lists an address that Plaintiff has never lived and or been associated with. Further to date, Experian still is listing the erroneous Bank of America mortgage account that does not belong to Plaintiff.

36. Experian and BOA failed to properly investigate the facts which Plaintiff explained in her numerous disputes and willfully chose to continue to publish false representations on Plaintiff's credit reports.

37. Experian has kept the erroneous account and personal information on Plaintiff's credit report despite being notified by Plaintiff that Plaintiff was not the debtor and victim of a mixed file. Experian and BOA received all the information necessary to clarify an obvious mixed file in Plaintiff's written dispute letter.

38. Plaintiff has been recently abstaining from applying for credit because of the erroneous reporting as it is destroying her ability to get credit. Plaintiff remains fearful that Experian will again add all the erroneous accounts since it still has erroneous identifying information on her credit report.

39. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Stress associated with an erroneous credit report;

   ii. Delay in applying for personal loans and mortgages due to fear of denials due to the erroneous account's effect on Plaintiff's debt-to-income ratio. Plaintiff is currently residing with family and is afraid to apply for a home loan because she knows she will not get approved;

   iii. Monies lost by attempting to fix her credit report;

   iv. Loss of time attempting to cure the error. Plaintiff has spent numerous hours on drafting dispute letters, filling out forms, filing a police report, and attempting to research ways of fixing her credit; and

v. Mental anguish, stress, aggravation, embarrassment, and other related impairments to the enjoyment of life. Plaintiff has felt helpless with Experian's reluctance to correct her credit report;

vi. Defamation as Experian published Plaintiff's inaccurate information to third parties.

## COUNT I
## Violation of 15 U.S.C. § 1681e(b)
## as to Defendant, Experian Information Solutions, Inc. (Negligent)

40. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully stated herein.

41. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian allowed a Furnisher to report inaccurate information on an account. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

42. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; mental and

emotional pain stemming from the anguish, humiliation, embarrassment, and fear of the credit denial when attempting to get preapproved for a mortgage.

43. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

44. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, THANH-HUYEN NGUYEN, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, Inc., for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just, equitable, and proper.

## COUNT II
## Violation of 15 U.S.C. § 1681e(b)
## as to Defendant, Experian Information Solutions, Inc. (Willful)

45. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully stated herein.

46. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian allowed a Furnisher to report inaccurate information on an account. Experian prevents its agents from calling consumers

(like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

47. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, embarrassment, and fear of the credit denial when attempting to get preapproved for a mortgage.

48. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

49. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, THANH-HUYEN NGUYEN, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just, equitable, and proper.

# COUNT III
## Violation of 15 U.S.C § 1681i
## as to Defendant, Experian Information Services, Inc. (Negligent)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully stated herein.

51. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful investigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

52. Plaintiff repeatedly provided Experian with information it needed to remove the disputed information such as a sworn testimony from local law enforcement.

53. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681o. Experian took no independent action to investigate the dispute.

54. Experian chose to ignore information provided by Plaintiff and simply parroted the information provided by the Furnisher, Bank of America.

55. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, THANH-HUYEN NGUYEN, demands judgment and compensatory, and statutory against Defendant, EXPERIAN INFORMATION SOLUTIONS, Inc., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court may deem just, equitable, and proper.

## COUNT IV
### Violation of 15 U.S.C § 16811i
### as to Defendant, Experian Information Services, Inc. (Willful)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully stated herein.

57. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful investigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

58. Plaintiff repeatedly provided Experian with information it needed to remove the disputed information such as a sworn testimony from local law enforcement.

59. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by the Court pursuant to 15 USC § 1681n. Experian took no independent action to investigate the dispute.

60. Experian chose to ignore information provided by Plaintiff and simply parroted the information provided by the Furnisher, Bank of America.

61. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, THANH-HUYEN NGUYEN, demands judgment and compensatory, statutory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, Inc., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court may deem just, equitable, and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681s-2(b)- As to Defendant, Bank of America Corporation

62. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-nine (39) as if fully stated herein.

63. BOA furnished inaccurate representations Experian, Equifax, and Trans Union and through those companies to all of Plaintiff's potential lenders.

64. BOA violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

65. BOA violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

66. BOA did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to verify that Plaintiff was not the responsible party, including information provided to BOA by the Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account was in fact not hers. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file.

67. As a result of the conduct, action, and inaction of BOA, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit.

68. BOA's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC

§ 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

69. Plaintiff is entitled to recover reasonable attorney's fees and costs from BOA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Citibank to Plaintiff; award Plaintiff her reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for her attorney's fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 29th day of June 2023.

Respectfully submitted,

MAGINNIS HOWARD
*Attorneys for Plaintiff*

*/s/ Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Tel:   919-526-0450
Fax:   919-882-8763
kgwaltney@maginnishoward.com
*LCvR Rule 83.1 Local Counsel*

*/s/ Octavio Gomez*
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
Attorney for Plaintiff

*Attorney for Plaintiff, Pro Hac Vice Admission Forthcoming*