IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-387-KDB-DCK

| | |
|---|---|
| **THANTH-HUYEN NGUYEN,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**EXPERIAN INFORMATION SOLUTIONS,** )<br>**INC., and BANK OF AMERICA, N.A.,** )<br>)<br>**Defendants.** )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Stipulation And Protective Order…" (Document No. 25) filed November 14, 2023. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Stipulation and Order as follows.

**STIPULATION AND PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

Based on the stipulation of Plaintiff Thanth-Huyen Nguyen ("Plaintiff") and Defendants Experian Information Solutions, Inc. and Bank of America, N.A. (each a "Defendant" and together, the "Defendants") and their respective counsel, for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either Plaintiff or Defendants (each a "Party" and collectively, the "Parties") and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Stipulation and Order"); and for good cause shown;

**IT IS ORDERED** that:

1. This Stipulation and Order is being entered into to facilitate the production, exchange and discovery of documents and information that any Party or non-party believes in good faith merit confidential treatment. This Stipulation and Order shall govern the handling of all responses to discovery requests, documents, depositions, deposition exhibits, interrogatory responses, admissions, transcripts of depositions, and any other information or material produced, given or exchanged by and among the parties and any non-parties to the above-captioned action (the "Litigation") (such information or material hereinafter referred to as "Discovery Material").

2. As used herein:

    (a) "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as confidential, to the extent that the Party or non-party designating the Discovery Material as confidential in good faith reasonably believes that such Discovery Material contains non-public information, confidential information, trade secrets, proprietary business information, competitively or commercially sensitive information, nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801) or similar applicable state or local consumer privacy protective laws, or other information, the disclosure of which would, in the good faith judgment of the Producing Party (defined below) be detrimental to the conduct of that Party's business or the business of any of the Party's customers or clients.

    (b) "Producing Party" shall mean the Party or non-party producing Confidential Information in connection with this Litigation, including in depositions, document productions or otherwise.

(c) "Receiving Party" shall mean the Party or non-party receiving Confidential Information in connection with this Litigation, including in depositions, document productions or otherwise.

3. Any Party or non-party may designate Discovery Material as "confidential," by affixing the notation "CONFIDENTIAL" on the document, making a statement on the record of a deposition as to the portions of the deposition to be designated as confidential, providing written communication to the respective undersigned counsel for the parties hereto, or by other appropriate means.

4. A Producing Party may designate a document as Confidential Information after such document has been produced by following the procedures set forth below in Paragraph 11. Once designated, any such document shall be treated as Confidential Information. A Receiving Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party disagrees with the designation of Discovery Material as Confidential Information. If the Producing Party does not agree to declassify such Discovery Material, the Receiving Party may move the Court for an order declassifying the Discovery Material as Confidential Information. If no such motion is filed, such Discovery Material shall continue to be treated as Confidential Information. If such motion is filed, the Discovery Material shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Use and Disclosure of Confidential Information

(a) Except with the prior written consent of the Producing Party or by Order of the Court, no person or entity may use Confidential Information for any purpose other than the prosecution, defense or settlement of this litigation and shall not furnish, show, disclose or provide access by any other manner inconsistent with this Stipulation and Order to any person or entity other than:

1) Plaintiff or personnel of Defendants actually engaged in assisting counsel in the conduct of this Litigation and who have been advised of their obligations hereunder;

2) former personnel of Defendants actually engaged in assisting counsel in the conduct of this Litigation, and the counsel for said former personnel, provided that before any Confidential Information is disclosed, the disclosing Party shall request that former personnel and their counsel, if applicable, execute a written agreement, in the form attached as Exhibit A hereto (the "Confidentiality Undertaking"), to comply with and be bound by the Stipulation and Order's terms. If the former personnel or their counsel refuse to execute the Confidentiality Undertaking, then they shall not be furnished with Confidential Information;

3) counsel for any Party named in this Litigation and their associated attorneys, and temporary attorneys, paralegals, and other professional personnel (including support staff), and service vendors (including outside copying and litigation support services and e-discovery vendors) who are directly assisting such counsel in the conduct of this Litigation, are under the

4

supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

4) expert witnesses or consultants retained by the Parties or their counsel to furnish assistance, or technical or expert services in connection with the conduct of this Litigation or to give testimony in the course of the conduct of this Litigation; and the employees of such experts or consultants when working in connection with the conduct of this Litigation; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 7 hereof;

5) the Court and Court personnel, if filed in accordance with Paragraph 12 hereof;

6) any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document, provided that the only Confidential Information that may be furnished, shown, or disclosed to said person shall be the documents for which there is evidence that said person was the author or a recipient;

7) an officer before whom a deposition is taken in this Litigation, including stenographic reporters and any necessary secretarial, administrative, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 10 hereof;

8) trial and deposition witnesses, and their counsel, during the course of, to the extent necessary, and in preparation for trial or depositions in this Litigation,

5

provided, however, that such Confidential Information is disclosed in accordance with Paragraphs 9 and 10, respectively, hereof, and that prior to disclosure, the disclosing Party shall request that such persons and their counsel execute a copy of the Confidentiality Undertaking. If such persons or their counsel refuse to execute the Confidentiality Undertaking, then they shall not be furnished with Confidential Information; and

9) any other person agreed to by the Parties.

(b) Nothing in this Stipulation and Order shall be construed as a waiver of the right of any Party to object to the disclosure of Confidential Information to a potential adverse witness or deponent. Notwithstanding that a Party has filed or served an objection to, or motion to preclude or limit, the disclosure of Confidential Information to a potential adverse witness or deponent, the potential adverse witness or deponent can and shall have access to Confidential Information upon signing a Confidential Undertaking, if not otherwise exempt, unless the Court rules otherwise before access is granted.

6. Discovery Material shall be utilized by recipients only for purposes of this Litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to Paragraph 5(a)(4) hereof, counsel for the Receiving Party shall obtain a Confidentiality Undertaking signed by the expert or consultant, in the form of **Exhibit A** attached hereto. Counsel for the Receiving Party obtaining the Confidentiality Undertaking shall supply a copy to counsel for the other Party at the time of the disclosure, except that any Confidentiality Undertaking signed by an expert or consultant who the

6

Case 3:23-cv-00387-KDB-DCK   Document 26   Filed 11/21/23   Page 6 of 19

Receiving Party, in good faith, reasonably does not expect to call as a witness at trial does not need to be disclosed.

8. All depositions and transcripts of any testimony given at a deposition shall presumptively be treated as Confidential Information and subject to this Stipulation and Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty-day period, the deposition, or pages thereof, may be designated as Confidential Information by any Party. If any deposition or pretrial testimony is designated as Confidential Information, the Producing Party shall direct the court reporter to affix an appropriate confidentiality legend to the deposition transcript's first page and all portions of the transcript containing Confidential Information. Any Party may challenge the designation by following the procedure set forth in Paragraph 4.

9. In the event that a Party seeks to use Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as Confidential Information through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. The Receiving Party may use such Confidential Information only after taking such steps as agreed to by the Parties or as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation and Order shall not preclude counsel for the Parties from using Confidential Information during any deposition in this Litigation, provided that any court reporter and deposition witness who is given access to Confidential Information shall, prior

7

thereto, be provided with a copy of this Stipulation and Order and shall execute the Confidentiality Undertaking annexed hereto. Counsel for the Party obtaining the Confidentiality Undertaking shall supply a copy to counsel for all the other parties.

11. A Party may designate as Confidential Information subject to this Stipulation and Order any Discovery Material produced or given by any non-party to this Litigation, or any portion thereof that qualifies as Confidential pursuant to Paragraph 2(a). In the case of such Discovery Material, the designation shall be made by stamping the documents CONFIDENTIAL on each page of the designated document, or where documents are provided in native format, by designating them as CONFIDENTIAL in a field or on the face of the media on which the data is delivered. In the case of testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as Confidential Information at any time up to thirty (30) days after the transcript is received by the counsel designating the testimony as Confidential Information. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. Any Party may challenge the designation by following the procedure set forth in Paragraph 4.

12. Filing of Confidential Information:

    (a) As applied to documents, materials or other papers filed with the Court that have been designated CONFIDENTIAL, the parties shall seal such documents (or any portion thereof), by following the protocols for electronic filings in this District. If a Party believes that material has been designated as CONFIDENTIAL and cannot or should not be sealed, pursuant to the protocols and rules in this District, then the

Party wishing to file the materials shall particularly identify the documents or information that it wishes to file to the Producing Party, in writing.

(b) A Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which contains Confidential Information, shall do so in one of the following three ways:

1) the Receiving Party shall make a good faith effort to provide the Producing Party with reasonable notice under the circumstances (where possible, the notice shall be given at least seven days in advance, and in writing), of its intent to file such material with the Court. The Producing Party must then provide a prompt response and either consent to filing the information without filing it under seal or must file a motion to seal the Confidential Information. If the Producing Party files a motion to seal the information, the Confidential Information shall not be filed until the Court renders a decision on the motion to seal; or

2) Alternatively, the Receiving Party may itself file a Motion to seal such Confidential Information. If the Receiving Party files a Motion to Seal the Confidential Information, the Confidential Information shall not be filed until the Court renders a decision on the motion to seal; or

3) The Receiving Party shall seek consent from the Producing Party to declassify Discovery Material on the terms set forth in Paragraph 4 above (in order to permit its inclusion in any pleading, brief or memorandum).

(c) In the event a motion to seal sought under Paragraph 12(b)(l) or 12(b)(2) is granted, all Discovery Material subject to the motion to seal that has previously been designated as comprising or containing Confidential Information, and any pleading, brief, or memorandum subject to the motion to seal which reproduces, paraphrases or discloses such Discovery Material, shall be filed under seal, pursuant to the rules in this District.

(d) All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a Party as comprising or containing Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

(e) Nothing herein shall prevent the Parties from providing courtesy copies of pleadings, briefs or memoranda to the Court. Such courtesy copies shall note in the caption that they contain or disclose information that has been designated as Confidential Information under this Stipulation and Order.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person except as expressly permitted by the terms of this Stipulation and Order.

14. The unintentional failure by a Producing Party to designate Discovery Material with the correct confidentiality designation, shall not waive any such designation. If the Producing Party notifies all Receiving Parties of an unintentional failure to designate materials as confidential, the Producing Party shall reproduce the Discovery Material with the correct confidentiality designation within ten (10) days upon its notification to the Receiving Party. Upon receiving the Discovery Material with the correct confidentiality designation, the

Receiving Parties shall destroy all Discovery Material that was identified as incorrectly designated. A Receiving Party shall not be in breach of this Order for any use of such unintentionally-non-designated or inadvertently-mis-designated Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the unintentional failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Stipulation and Order.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation and Order.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

17. A Producing Party's disclosure of information or documents that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other privilege, immunity, or protections from disclosure ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege, immunity or protection, provided that the Producing Party notifies the Receiving Party, in writing, of the production after its discovery of the same. The Producing Party must specifically and individually identify the Privileged Documents which it unintentionally produced to the Receiving Party. Upon written notification of inadvertent production of privileged materials (hereafter referred to as "Identified Materials") by the Producing Party, the Receiving Party shall return, destroy, or delete the Identified Materials as requested by the Producing Party. If the Receiving Party has any notes or other work

product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

    a. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

    b. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

18. If a Receiving Party receives Discovery Material that, on its face, appears to be a Privileged Document, and does not know to have been intentionally produced or made available, the Receiving Party must refrain from examining the materials any more than is essential to ascertain if the materials are privileged. The Receiving Party shall immediately notify the Producing Party in writing that the Receiving Party possesses material that appears to be privileged or otherwise protected from disclosure. In the event alleged Privileged Documents were unintentionally disclosed, the Producing Party may provide notice to the other parties advising of the disclosure and requesting return or destruction of the Privileged Documents pursuant to this Paragraph. The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production. This stipulated agreement set forth in this Paragraph does

not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. This agreement also is not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

19. This Stipulation and Order is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation and Order or any provisions thereof by properly noticed motion to the Court. This Stipulation and Order shall not prevent a Party from arguing that certain documents are so sensitive that they should not be produced even under this Stipulation and Order or from seeking further protection for certain documents.

20. The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation and Order by either Party and agrees that under such circumstances the Parties will be entitled to specific performance, and/or injunctive relief, to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

21. The United States District Court for the Western District of North Carolina is responsible for the interpretation and enforcement of this Order. All disputes concerning Discovery Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of North Carolina.

22. This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information

designated as Confidential Information that has been obtained lawfully by such Party independently of the proceedings in this Litigation.

23. In the event that additional parties join or are joined in this Litigation, they shall not have access to Confidential Information until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

24. The parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation and Order had been entered by the Court.

25. Procedure for Handling Legal Demands for Confidential Information:

    (a) If a Receiving Party is served with a subpoena, document demand or other request under applicable federal or state law (collectively, a "Demand"), and the Discovery Material sought by the Demand was produced or designated as Confidential Information by someone other than the Receiving Party, the Receiving Party shall give written notice by electronic transmission, within five (5) business days of receipt of such Demand, to the Producing Party who produced or designated the material as Confidential Information.

    (b) The Receiving Party shall not produce any of the Producing Party's Confidential Information, unless otherwise Court-ordered or required by law, for a period of at least ten (10) business days after providing the required notice to the Producing Party.

    (c) If, within ten (10) business days of receiving such notice, the Producing Party gives notice to the Party subject to the Demand that the Producing Party opposes

14

production of its Confidential Information, the Receiving Party shall object to the Demand, citing this Stipulation and Order, and shall not thereafter produce such Confidential Information, except as Court-ordered or required by law. The Producing Party shall be responsible for pursuing any objection to the requested production, including moving to quash the subpoena and/or seeking a protective order. The Receiving Party agrees to cooperate with the Producing Party in resisting the Demand.

(d) Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Information covered by this Stipulation and Order, or to subject itself to any penalties for non-compliance with any legal process or order for failure to comply with a Demand, or to seek any relief from this Court in connection with obligations imposed by a Demand.

(e) In the event that Confidential Information is produced to a non-party to this Stipulation and Order in response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation as Confidential by the parties to this Stipulation and Order.

26. This Stipulation and Order shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation and Order.

27. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

28. Within sixty (60) days after the final termination of this Litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party, including copies of electronic documents maintained in databases or other electronic locations. In the event the physical objects and documents are to be destroyed, the Receiving Party shall certify in writing within sixty (60) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, copies of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. To the extent that persons retain documents containing Confidential Information upon the final termination of this Litigation, said persons shall certify in writing within sixty (60) days of the final termination of this Litigation that they will maintain the confidentiality of this Confidential Information in accordance with the terms of this Stipulation and Order. Nothing in this Paragraph shall be construed to require a Receiving Party to destroy Confidential Information retained on back-up tapes or to require the Receiving Party to take unreasonably expensive or burdensome measures to effectuate the destruction of Confidential Information.

29. When any receiving party ships any Discovery Material marked Confidential to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

30. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this Litigation, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

31. This Stipulation and Order may be changed by further order of this Court and is without prejudice to the right of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. All modifications of, waivers of, or amendments to this Stipulation and Order must be in writing and signed by, or on behalf of, the Parties.

    **SO ORDERED**.

Signed: November 20, 2023

David C. Keesler
United States Magistrate Judge

**WE CONSENT:**

*/s/ Frank H. Kerney*
Frank H. Kerney, III Esq. (FL Bar #88672)
*Pro Hac Vice Admitted*
**THE CONSUMER LAWYERS PLLC**
412 E. Madison St, Suite 916
Tampa, FL 33602
Telephone: (844)855-9000
Facsimile: (844)951-3933
frank@theconsumerlawyers.com
*Attorney for Plaintiff*

*/s/ Karl S. Gwaltney*
Karl S. Gwaltney (NC Bar #45118)
7706 Six Forks Rd, Suite 101
Raleigh, NC 27615
Tel: 919-526-0450
Fax: 919-882-8763
kgwaltney@maginnishoward.com
*LCvR Rule 83.1 Local Counsel for Plaintiff*

*/s/ Scott I. Perle*
Scott I. Perle (NC Bar #24461)
**MCGUIREWOODS, LLP**
201 N. Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: (704) 343-2000
Facsimile: (704) 343-2300
sperle@mcguirewoods.com
*Attorney for Defendant Bank of America, N.A.*

*/s/ Ashley K. Brathwaite*
Ashley K. Brathwaite (NC Bar #33830)
Christopher E. Rhodes Jr. (NC Bar #59427)
**ELLIS &WINTERS LLP**
P.O. Box 33550
Raleigh, NC 27636
ashley.brathwaite@elliswinters.com
christopher.rhodes@elliswinters.com
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
*Attorneys for Defendant Experian Information Solutions, Inc.*

# EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order that was issued by the *United States District Court for the Western District of North Carolina* in the case of <u>Thanh-Huyen Nguyen v. Experian Information Solutions, Inc., et al</u>, (Case No. 3:23-CV-387-KDB-DCK). I agree to comply with and to be bound by all the terms of this Stipulation and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Order to any person or entity except in strict compliance with the provisions of this Stipulation and Order.

I further agree to submit to the jurisdiction of the *United States District Court for the Western District of North Carolina* for the purpose of enforcing the terms of this Stipulation and Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States and the State of _____ _____ that the foregoing is true and correct, and that this acknowledgement was executed this \_\_\_\_ day of _____ [month], 20_____, at _____ [city], _____ [state].

Printed name: _____

Signature: _____

19
Case 3:23-cv-00387-KDB-DCK   Document 26   Filed 11/21/23   Page 19 of 19